## Aurelio Martin SEPULVEDA, Plaintiff—Appellant,

v.

## DEPARTMENT OF the TREASURY; et al., Defendants—Appellees.

### No. 07–15669.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Aurelio Martin Sepulveda, Corcoran, CA, pro se.

Robert L. Baker, Esq., DOJ—U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, Henry Charles Darmstadter, Esq., United States Department of Justice Tax Division, Washington, DC, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

California state prisoner Aurelio Martin Sepulveda appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging he did not receive a federal tax refund for work performed as a prison employee. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment to defendants because Sepulveda failed to raise a triable issue of fact as to whether any federal income tax was withheld during the period in question. *See Stead v. United States,* 419 F.3d 944, 949 (9th Cir.2005) ("[T]he governing law requires that, to recover in this refund suit, the [plaintiffs] must demonstrate that they paid to the government more money than they owed on their . . . tax liability.").

The district court did not abuse its discretion by denying as premature Sepulveda's motion to compel production of documents because the court had not yet

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

resolved defendants' motion to dismiss. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir.2002) (explaining that the court "may ... stay discovery when it is convinced that plaintiff will be unable to state a claim for relief") (internal citation omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.